

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1680-05 & 1681-05

### CRAIG JONATHAN WARNER, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### LAMPASAS COUNTY

**KELLER, P.J., filed a dissenting opinion.**

The Court overrules five different specific challenges to the court of appeals's harm analysis but remands the case because the court of appeals erroneously stated that appellant had a burden to show harm. But despite this mistake, which was based upon our own language in our own opinion,[1] the court of appeals conducted what was essentially a correct harm analysis. The court of appeals's decision does not appear to depend in any way upon whether appellant had a burden to show harm.

The prosecution was based upon a single incident in which appellant was alleged to have sexually assaulted the victims in multiple ways. The proof of sexual assault came from the victims'

---

[1] *Dickey v. State*, 22 S.W.3d 490, 492 (Tex. Crim. App. 1999).

testimony and some medical evidence. The defensive position was that "it never happened."[2] The court of appeals found the error to be harmless because the contested issue was not which act occurred, but whether any of them occurred. As the court of appeals stated, if the jury had believed appellant's theory or disbelieved the victims, it would have acquitted him.[3]

I think this analysis fully supports the court of appeals's conclusion (which makes no reference to any burden) that "error did not rise to the level of egregious harm." I believe that a remand to redo the harm analysis would be a waste of judicial resources.

Consequently, I respectfully dissent to the Court's decision to remand the case.

Filed: February 13, 2008
Publish

---

[2] *Warner v. State*, 2005 Tex. App. LEXIS 7790, *21.

[3] *Id*.